**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STARR INDEMNITY & LIABILITY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. |
| CONTINENTAL INDEMNITY COMPANY, individually and as a subrogee of THE LINN CONTRACTING COMPANIES, INC., | ) ) ) ) ) | |
| Defendant. | ) ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Starr Indemnity & Liability Company ("Starr"), by and through its attorneys, Skarzynski Marick & Black LLP, and for its Complaint for Declaratory Judgment against Defendant, Continental Indemnity Company ("Continental"), individually and as a subrogee of The Linn Contracting Companies, Inc., states as follows:

**NATURE OF THE ACTION**

1.      This is a declaratory judgment action, brought pursuant to 28 U.S.C. § 2201, regarding an insurance coverage dispute. Specifically, Starr seeks a declaration that it has no coverage obligations under a Workers Compensation and Employers Liability Policy that Starr issued to BII, Inc., doing business as Paramount Post ("BII"), with respect to the relief sought and default Judgment Order entered against BII in the lawsuit filed against BII by Continental, captioned *Continental Indemnity Company, individually and as a subrogee of The Linn Contracting Companies, Inc. v. BII, Inc., doing business as Paramount Post*, Case No. 1:18-cv-05520, United States District Court for the Northern District of Illinois (the "Continental Lawsuit").

2.      The Continental Lawsuit sought declaratory relief as to its coverage obligations under a workers' compensation policy it issued to The Linn Contracting Companies, Inc. ("Linn") to pay workers' compensation benefits to Alfred Lumpkins, a BII employee who was injured while working at Linn's construction site, the City Gardens Project at 316 S. Maplewood, Chicago, Illinois. The Continental Lawsuit also sought monetary relief from BII, a subcontractor of Linn, due to its alleged misrepresentations and failure to maintain workers' compensation coverage covering injuries that occurred at the City Gardens Project, as required by the subcontractor agreement between BII and Linn. A default judgment was entered against BII and in favor of Continental, in the total amount of $607,712.72, on July 7, 2021 in the Continental Lawsuit.

3.      Continental thereafter instituted a garnishment proceeding against Starr in the Continental Lawsuit, although Starr was not a party to the Continental Lawsuit, in an effort to collect the default judgment against BII from Starr under the Starr Policy. Starr disputes that the Starr Policy affords coverage for the default judgment against BII. Continental's garnishment proceeding against Starr was dismissed by then Chief Judge Rebecca R. Pallmeyer for lack of subject matter jurisdiction because, this Court held, Continental's garnishment proceeding injected so many new issues against a new party not raised in the Continental Lawsuit, and thus, the garnishment proceeding was "functionally a separate suit" over which the Court lacked jurisdiction. Chief Judge Pallmeyer, however, instructed Continental that its proper course of action to recover against Starr is to file a complaint in a new lawsuit and invited Continental to notify the Clerk of the United States District Court for the Northern District of Illinois upon filing that the new suit is related to the Continental Lawsuit. Continental appealed Chief Judge Pallmeyer's Order.

4.     The United States Court of Appeals for the Seventh Circuit affirmed (Case No. 23-1648), holding Continental's garnishment proceeding was the improper vehicle to seek to collect the default judgment against BII from Starr under the Starr Policy, and reiterated this Court's instruction to Continental that it must file an independent civil action against Starr in order to litigate coverage for the default judgment against BII under the Starr Policy.

5.     Continental did not file a new complaint in an independent civil action against Starr, as instructed by the Seventh Circuit. Continental instead filed materially the same garnishment proceeding against Starr in the Circuit Court of Cook County, Illinois, Case No. 2024-L-050699, again in an effort to collect its uncompensated default judgment against BII in the Continental Lawsuit from Starr. Starr only recently learned of that state court garnishment proceeding, in which a default Judgment Order was apparently entered against Starr in the amount of $795,996.46 on May 6, 2025. In conjunction with its filing of this Complaint for Declaratory Judgment, Starr has petitioned the state court to relieve it from the default Judgment Order, vacate that Order, and hold that Continental is collaterally estopped from bringing that garnishment proceeding and that Continental needs to litigate the coverage issues against Starr in an independent civil action.

6.     The Starr Policy does not afford coverage for the relief sought in the Continental Lawsuit and resulting default judgment against BII. Consequently, Starr seeks a declaration that it has no coverage obligations under the Starr Policy with respect to the default judgment entered against BII in the Continental Lawsuit.

## PARTIES

7.     Starr Indemnity & Liability Company is a Texas corporation with its main administrative office in New York, New York.

8. For purposes of diversity jurisdiction, Starr is a citizen of the states of Texas and New York.

9. Upon information and belief, Continental Indemnity Company is a New Mexico corporation with its principal place of business in Omaha, Nebraska.

10. For purposes of diversity jurisdiction, Continental is a citizen of the states of New Mexico and Nebraska.

## JURISDICTION AND VENUE

11. This declaratory judgment action is brought pursuant to 28 U.S.C. § 2201.

12. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because, upon information and belief, there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, in this action seeking a declaration of no insurance coverage for the default judgment against BII in the amount of $795,996.46.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

14. An actual and justiciable controversy exists between Starr on the one hand and Continental on the other regarding the scope and extent of insurance coverage, if any, under the Starr Policy with respect to the default judgment entered against BII.

## THE CONTINENTAL LAWSUIT

### The Complaint And Amended Complaint In The Continental Lawsuit

15. On August 13, 2018, Continental filed a Complaint for Declaratory Judgment and Other Relief against BII in Continental Lawsuit. A true and accurate copy of the Complaint filed in the Continental Lawsuit (ECF Doc. 1) is attached hereto as Exhibit A.

16.     On June 4, 2021, Continental filed an Amended Complaint (the "Amended Complaint") against BII seeking a declaratory judgment with respect to its coverage obligations under a workers' compensation policy it issued to Linn, effective July 1, 2016 to July 1, 2017, to pay workers' compensation benefits to Alfred Lumpkins, a BII employee who was injured while working at Linn's construction site. A true and accurate copy of the Amended Complaint filed in the Continental Lawsuit (ECF Doc. 34) is attached hereto as Exhibit B.

17.     Continental also sought monetary relief from BII, a subcontractor of Linn, due to its purported misrepresentations and failure to maintain workers' compensation insurance from The Hartford Company ("Hartford"), as required by a subcontractor agreement between BII and Linn. *Id.* at ¶2.

18.     Starr was not named as a party to either the Complaint or the Amended Complaint in the Continental Lawsuit. *See* Exhibit A; Exhibit B.

19.     BII did not provide notice of Alfred Lumpkins' claim to Starr or seek coverage from Starr under the Starr Policy for Lumpkins' claim.

20.     The Amended Complaint alleged that, on June 2, 2016, Linn and BII entered a subcontractor agreement to perform post-construction cleaning near the intersection of Maplewood Avenue and Jackson Boulevard in Chicago, Illinois, referred to in the agreement as the "City Gardens" Project. Exhibit B at ¶¶ 12-13; *id.* at p. 41.

21.     It is alleged that the Project address set forth in the agreement was 316 S. Maplewood, Chicago, Illinois 60612. *Id.* at p. 41.

22.     The Amended Complaint alleged that BII was required, under the subcontractor agreement, to maintain workers' compensation coverage, which it obtained from Hartford when BII and Linn first entered the agreement. *Id.* at ¶¶ 19-20.

23.     The Amended Complaint alleged that the Hartford policy was cancelled (as of July 11, 2016) after BII failed to pay the policy premium, leaving BII without workers' compensation coverage for its employees performing work under the subcontractor agreement. *Id.* at ¶¶ 21-26.

24.     The Amended Complaint alleged that after BII received a Notice of Cancellation from Hartford, BII obtained new workers' compensation coverage again from Hartford, effective August 26, 2016. *Id.* at ¶¶ 27-28.

25.     The Amended Complaint alleged that from July 11, 2016 to August 26, 2016, BII was not insured under a Hartford policy for the work performed at the City Gardens Project at 316 S. Maplewood Avenue. *Id.* at ¶ 29.

26.     The Amended Complaint alleged that on August 19, 2016, during this period in which BII failed to maintain workers' compensation coverage, Lumpkins, an employee of BII, was injured at the City Gardens Project. *Id.* at ¶ 30.

27.     The Amended Complaint alleged that BII thereafter reported a claim to Hartford seeking coverage for Lumpkins' injury, but Hartford disclaimed coverage because there was no Hartford policy in effect on the date of his injury. *Id.* at ¶ 32.

28.     The Amended Complaint further alleged that a claim was also submitted to Continental, Linn's insurer, but Continental too denied coverage for Lumpkins' injuries because he was not an employee of a Continental insured. *Id.* at ¶¶ 33-34.

29.     The Amended Complaint alleged that on or about October 27, 2016, Continental began paying workers' compensation benefits to Lumpkins without prejudice (in Illinois Industrial Commission Case No. 16-WC-026141). *Id.* at ¶ 35; *id.* at ¶ 45.

30.     The Amended Complaint alleged that Continental paid workers' compensation benefits to Lumpkins, as well as defense costs, as a purported result of BII's misrepresentations and failures to perform its obligations under its subcontractor agreement with Linn. *Id.* at ¶ 36.

**The Default Judgment Order Entered Against BII In The Continental Lawsuit**

31.     BII did not appear or answer the Amended Complaint in the Continental Lawsuit.

32.     On June 23, 2021, Continental filed an Amended Motion for Entry of Default Judgment against BII.

33.     On July 7, 2021, Judge John Z. Lee granted Continental's Amended Motion for Default and entered judgment against BII and in favor of Continental in the total amount of $607,712.72 (consisting of the principal amount, $588,978.59, plus prejudgment interest of $18,234.13, and costs of $500.00). A true and accurate copy of the default Judgment Order entered against BII in the Continental Lawsuit (ECF Doc. 40) is appended hereto as Exhibit C.

## FACTS PERTAINING TO THIS INSURANCE COVERAGE DISPUTE

**The Starr Policy**

34.     On March 8, 2016, Starr enrolled BII in a Lend Lease (US) Construction Inc. Contractor Controlled Insurance Program ("CCIP") to perform cleaning services at River Point Tower, located at 444 W. Lake Street in Chicago, Illinois. A true and accurate copy of a March 8, 2016 email exchange with enrollment form is appended hereto as Exhibit D.

35.     Starr then issued a Workers Compensation and Employers Liability Policy, policy number 900 0005088, to BII, effective March 14, 2016 to May 27, 2016. Starr thereafter renewed the Policy, effective May 27, 2016 to May 27, 2017 (the "Starr Policy"). A true and accurate copy of the Starr Policy is appended hereto as Exhibit E.

36. The Starr Policy provides workers' compensation and employers' liability coverage to BII, as the Named Insured, for workplaces listed in the Starr Policy Information Page and attached Location Schedule, as amended. *Id.* at p. 12.

37. The premium for the Starr Policy is determined by Starr's manuals of rules, classifications, rates, and rating plans. *Id.*

38. The Starr Policy Information Page provides, in relevant part:

    1.    Named Insured and Mailing Address

        BII INC. DBA PARAMOUNT POST
        8742 S WASHENTAW [sic] AVE
        EVERGREEN PARK IL 60805

                       \* \* \*

    Other Workplaces Not Shown Above: See attached Location Schedule

                       \* \* \*

    3.    A. Workers Compensation Insurance: Part ONE of the policy applies to the Workers Compensation Law of the states listed here: IL

                       \* \* \*

    4.    The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates, and Rating Plans. All information required below is subject to verification and change by audit. **Assessments and Taxes SEE EXTENSION OF INFORMATION PAGE**

*Id.* (emphasis in original).

39. The Starr Policy's Extension of Information Page classifies BII's operations as "Janitorial Services by Contractors" to be performed at 444 W. Lake Street during the period May 27, 2016 to May 27, 2017. *Id.* at p. 13.

40. The annual premium for the Starr Policy is $1,183.00. *Id.* The Extension of Information Page states, in relevant part, as follows:

## EXTENSION OF INFORMATION PAGE
CLASSIFICATION OF OPERATIONS

* * *

**Code No. Classification Description**

* * *

UNIT: 00001 ADDRESS: 444 West Lake Street
      PERIOD: 05/27/2016 to 05/27/2017

9014  JANITORIAL  SERVICES  BY  CONTRACTORS  –  NO
WINDOW CLEANING
ABOVE GROUND LEVEL & DRIVERS
* * *

**POLICY TOTAL**                      **$1,183.00**

*Id.* (emphasis in original).

41.     The Additional Location Schedule and General Section of the Starr Policy further provide BII, the employer named in Item 1 of the Information Page, workers' compensation coverage for workplaces listed in Items 1 or 4 of the Information Page. *Id.* at p. 14, 16.

42.     The Additional Location set forth in the Schedule at Location Number 1 of the Additional Location Schedule is 444 W. Lake Street, Chicago, Illinois:

### ADDITIONAL LOCATION SCHEDULE

* * *

BII INC. DBA PARAMOUNT POST
444 WEST LAKE STREET
CHICAGO IL 60606

* * *

### GENERAL SECTION

* * *

B.     **Who is Insured**

> You are insured if you are an employer named in Item 1 of the Information Page. If that employer is a partnership, and if you are one of its partners, you are insured, but only in your capacity as an employer of the partnership's employees.

> * * *

> E. **Locations**
> This policy covers all of your workplaces listed in Items 1 or 4 of the Information Page; and it covers all other workplaces in Item 3.A. states unless you have other insurance or are self-insured for such workplaces.

*Id.* (emphasis in original).

43. The Starr Policy also includes an Alternate Employer Endorsement, which applies to bodily injuries to BII's employees while in the course of special or temporary employment by the alternate employer of BII in Illinois. *Id.* at p. 23.

44. The alternate employer's address is set forth as 444 W. Lake Street, Chicago, Illinois, and the coverage afforded by this Endorsement applies only to work performed under the River Point Tower Project. *Id.* This Endorsement provides, as follows:

**ALTERNATE EMPLOYER ENDORSEMENT**

> This endorsement applies only with respect to bodily injury to your employees while in the course of special or temporary employment by the alternate employer in the state named in Item 2 of the Schedule. Part One (Workers Compensation Insurance) and Part Two (Employers Liability Insurance) will apply as though the alternate employer is insured. If an entry is shown in Item 3 of the Schedule the insurance afforded by this endorsement applies only to work you perform under the contract or at the project named in the Schedule.

> * * *

> Schedule

> 1. <u>Alternate Employer</u>                                    <u>Address</u>

> Any alternate employer of your          444 WEST LAKE ST
> employees                                                CHICAGO ILLINOIS

60606

2.    <u>State of Special or Temporary Employment</u>

ILLINOIS

3.    <u>Contract or Project</u>

RIVER POINT TOWER

*Id.* (emphasis in original).

45.    The Starr Policy includes a Designated Workplaces Exclusion Endorsement, which limits coverage to operations performed in conjunction with the CCIP. *Id.* at p. 24. This Endorsement provides, as follows:

**DESIGNATED WORKPLACES EXCLUSION ENDORSEMENT**

> All Workplaces Except: Where operations are performed in conjunction with the consolidated wrap-up program "THE WRAP-UP PROGRAM" administered by BII INC. DBA PARAMOUNT POST
> The wrap-up program includes only operations or work at or emanating from the following project site(s):

*Id.* (emphasis in original).

**<u>Continental Previously Filed A Garnishment Proceeding Against Starr In This Court To Collect The Default Judgment Against BII In The Continental Lawsuit, Which The Seventh Circuit Dismissed</u>**

46.    On August 17, 2021, Continental instituted a garnishment proceeding against Starr in the Continental Lawsuit against BII (the "Federal Garnishment Proceeding"). A true and accurate copy of Continental's garnishment papers, consisting of a Non-Wage Garnishment Summons, Notice, and Affidavit for Garnishment with Interrogatories (ECF Docs. 41, 41-1, 41-2), are collectively attached hereto as <u>Exhibit F</u>.

47.    Continental's garnishment papers were served on Starr via the acting Director of the Illinois Department of Insurance, with a return date of September 24, 2021, then forwarded to

Starr, but were never received by its Legal Department. Starr, thus, inadvertently did not appear or answer in the Federal Garnishment Proceeding by the return date.

48.     Continental moved for entry of conditional judgment on October 7, 2021, which Judge John Z. Lee granted on October 19, 2021. Judge Lee entered a conditional judgment against Starr and a Summons was issued commanding Starr to show cause why the conditional judgment should not be made final.

49.     On December 14, 2021, Starr filed its Response to Show Cause as to Why the Conditional Judgment Should be Vacated.

50.     The litigation ensued in the Federal Garnishment Proceeding, including the parties' filing of cross-motions for summary judgment.

51.     On February 7, 2023, then Chief Judge Pallmeyer (to whom the Federal Garnishment Proceeding was reassigned upon Judge Lee's appointment to the United States Court of Appeals for the Seventh Circuit) issued a Memorandum Order directing Continental to show cause why the Federal Garnishment Proceeding should not be dismissed for lack of subject matter jurisdiction and striking the cross-motions for summary judgment without prejudice to renewal following an appropriate showing of jurisdiction over the Federal Garnishment Proceeding. A true and accurate copy of the February 7, 2023 Memorandum Order (ECF Doc. 105) is attached hereto as Exhibit G.

52.     Chief Judge Pallmeyer raised the issue of subject matter jurisdiction *sua sponte*, stating that garnishment proceedings are ordinarily ancillary proceedings to collect assets of a judgment debtor being held by a third party, "often a financial institution." *Id.* at p. 2.

53.     Chief Judge Pallmeyer stated that the issue of whether Starr "is in fact 'holding' BII's assets is hotly disputed" and Starr denied any liability to BII for losses at the City Gardens Project which it did not insure. *Id.*

54.     Chief Judge Pallmeyer further stated that Continental "ha[d] not explained why it chose this procedural mechanism—rather than the more straightforward procedure of seeking a declaratory judgment against Starr—raising at least a further doubt about whether the court is properly exercising ancillary jurisdiction over this matter." *Id.* at p. 3.

55.     The parties briefed the Court's order to show cause.

56.     On March 1, 2023, Chief Judge Pallmeyer issued a Memorandum Opinion and Order and Judgment dismissing the Federal Garnishment Proceeding for lack of subject matter jurisdiction, dismissing Starr from the Continental Lawsuit against BII, vacating the Conditional Judgment Order entered against Starr, and holding that "[i]f Continental  wishes to recover funds from Starr, its proper course of action is to file a complaint against Starr," "invit[ing] Continental to notify the Clerk that any such new lawsuit is related to this one." A true and accurate copy of the March 1, 2023 Memorandum Opinion and Order and Judgment (ECF Docs. 108, 109) are collectively attached hereto as Exhibit H.

57.     Chief Judge Pallmeyer held the Court lacked subject matter jurisdiction, including supplemental or ancillary jurisdiction under Fed. R. Civ. P. 69, to decide the Federal Garnishment Proceeding, which was "functionally a separate suit." *Id.* at p. 4.

58.     The Court reasoned that Continental "could have, but chose not to" name Starr as a party in the Continental Lawsuit against BII, "a standard mechanism for determining which of more than one insurer may be liable for a loss" and the Federal Garnishment Proceeding would

require the Court to assess "Starr's liability under a contract not at issue in the original declaratory judgment[.]" *Id.*

59.     Doing so, the Court held, would inject so many new issues that the Federal Garnishment Proceeding was functionally a separate case. *Id.*

60.     Chief Judge Pallmeyer further stated there is no legal support "instruct[ing] that garnishment is an appropriate vehicle when neither the judgment debtor nor the garnishee has any financial obligation to the judgment debtor" and where "there is no liquidated amount owed by the purported garnishee to a judgment debtor." *Id.* at p. 6, 7.

**The Seventh Circuit Affirmed Chief Judge Pallmeyer's Opinion And Order**

61.     Continental appealed the March 1, 2023 Order and Judgment to the Seventh Circuit (Case No. 23-1648).

62.     The appeal was fully briefed, and on June 12, 2024, the Seventh Circuit affirmed the District Court's dismissal of the Federal Garnishment Proceeding for lack of jurisdiction, with costs. A true and accurate copy of the Seventh Circuit's June 12, 2024 Order and Judgment (ECF Docs. 39, 40) are collectively attached hereto as Exhibit I.

63.     The Seventh Circuit held that Continental's attempt "to adjudicate new issues of liability against new parties falls outside the scope of ancillary enforcement jurisdiction and therefore cannot be done through certain enforcement proceedings," which the Court held was the case there where "Starr denied that its insurance contract with BII covered the workers' compensation claim that was the subject of Continental's default judgment against BII." *Id.* at p. 2-3.

64.     The Court reasoned:

> The central issue in the garnishment proceeding—whether the Starr-BII insurance policy even covered the worksite where Lumpkins was injured—

is a new issue. It was not raised in, let alone central or material to, the prior proceedings. The court would have to consider new evidence and analyze the language of the insurance policy to determine its scope. Only then could the court decide whether Continental can collect its judgment against BII from Starr. In other words, Continental seeks to hold a new party liable on a new theory. This is the type of dispute that courts have found to fall outside their ancillary jurisdiction.

*Id.* at p. 22-23.

65.     Therefore, the Seventh Circuit held that "if Continental wants a federal forum to litigate this dispute with Starr, that forum is available for the price of filing one new civil action in the Northern District of Illinois." *Id.* at p. 2.

66.     The Court recognized that Chief Judge Pallmeyer instructed Continental to do the same, "act[ing] well within its discretion in doing so, and we do not understand why Continental has not followed that suggestion." *Id.* at p. 27.

67.     Continental then petitioned the Seventh Circuit for rehearing *en banc* or for panel rehearing, which was denied. A true and accurate copy of the Seventh Circuit's July 11, 2024 Order (ECF Doc. 45) is attached hereto as Exhibit J.

**Rather Than Follow The Dictate Of The Seventh Circuit To File A New Complaint In An Independent Civil Action Against Starr In This Court, Continental Filed The Same Garnishment Proceeding In State Court**

68.     On December 10, 2024, Continental registered the default Judgment Order against BII in the Continental Action in the Circuit Court of Cook County, Illinois.

69.     On December 12, 2024, Continental filed a materially identical garnishment proceeding against BII and apparently Starr in the Circuit Court of Cook County, Illinois, Case No. 2024-L-050699, under the same Illinois state procedure, 735 ILCS 5/12-701, as in the Federal Garnishment Proceeding (the "State Garnishment Proceeding"). A true and accurate copy of the garnishment papers filed in the State Garnishment Proceeding, consisting of another Garnishment

Notice, Garnishment Summons, and Affidavit for Garnishment with Interrogatories, are collectively attached hereto as Exhibit K.

70.     Continental did not file a complaint in an independent civil action against Starr to litigate whether the Starr Policy affords coverage for the default Judgment Order against BII, as it was instructed to do by the Seventh Circuit.

71.     Starr did not receive notice of the State Garnishment Proceeding until June 24, 2025.

72.     Continental purports to have served Starr the garnishment papers in the State Garnishment Proceeding at its agent, the Director of the Illinois Department of Insurance, on January 7, 2025, but Starr never received notice of those filings and thus did not appear by the return date.

73.     Upon information and belief, Continental moved for entry of conditional judgment, which was granted on March 20, 2025, and a Summons After Conditional Judgment was issued confirming the conditional judgment in the amount of $795,996.46 and commanding Starr show cause why the conditional judgment should not be made final.

74.     Starr did not receive notice or copies of the Conditional Judgment Order or Summons until June 24, 2025, after the return date, despite Continental's filing of an affidavit of service of those papers on Starr at the Director of the Illinois Department of Insurance.

75.     Upon information and belief, on May 6, 2025, when Starr did not appear or answer before the return date, the state court confirmed and made final the Conditional Judgment against Starr and entered judgment in favor of Continental and against Starr in the amount of $795,996.46. A true and accurate copy of the default Judgment Order entered against Starr in the State Garnishment Proceeding is attached hereto as Exhibit L.

76.     In conjunction with Starr's filing of this Complaint for Declaratory Judgment, Starr will file a Petition for Relief from Judgment in the State Garnishment Proceeding, pursuant to 735 ILCS 5/2-1401, requesting that court to: (1) grant its Petition for Relief from the May 6, 2025 Judgment Order in the amount of $795,996.46; (2) vacate that default Judgment Order; (3) hold Continental is collaterally estopped from bringing the State Garnishment Action; and (4) hold that Continental needs to litigate the coverage issues in an independent civil action, as directed by the Seventh Circuit. *Id.*

**COUNT I**
**DECLARATORY JUDGMENT**
**NO COVERAGE FOR THE DEFAULT JUDGMENT AGAINST BII**
**UNDER THE STARR POLICY**

77.     Starr hereby incorporates and realleges the allegations in Paragraphs 1 through 76 above, as though fully set forth herein.

78.     The Continental Action sought to recover from BII the amounts Continental paid in workers' compensation benefits to Alfred Lumpkins, plus defense costs, resulting from Lumpkins' injury at the City Gardens Project at 316 S. Maplewood Avenue, and Continental obtained a default judgment against BII when it failed to answer or appear in the Continental Lawsuit.

79.     No coverage is available under the Starr Policy for the default Judgment Order entered in favor of Continental and against BII in the Continental Lawsuit, and Starr therefore has no obligation to fund Continental's uncompensated default judgment against BII, because:

a.      The Starr Policy provides workers' compensation and employers' liability coverage to BII only for workplaces listed in the Starr Policy Information Page and attached Location Schedule, as amended, which set forth only the workplace located at 444 W. Lake Street, Chicago, Illinois;

b. The Starr Policy's Extension of Information Page classifies BII's operations as "Janitorial Services by Contractors" to be performed at 444 W. Lake Street, Chicago, Illinois;

c. The coverage afforded by the Alternate Employer Endorsement of the Starr Policy applies only to work performed under the River Point Tower Project, at 444 W. Lake Street, Chicago, Illinois; and

d. The Designated Workplaces Exclusion Endorsement of the Starr Policy limits coverage to operations performed by BII in conjunction with the consolidated wrap-up program, which was administered at the River Point Tower Project.

80. Continental disputes Starr's position that the Starr Policy does not afford coverage for the relief sought in the Continental Lawsuit and resulting default judgment against BII.

81. Accordingly, and pursuant to 28 U.S.C. § 2201, Starr seeks this Court to declare the following: The Starr Policy does not afford coverage for the relief sought in the Continental Lawsuit and resulting default judgment against BII, and therefore, Starr has no obligation to pay Continental the amount of the default judgment against BII, including any interest which may or may not have accrued on the principal amount and any purported costs.

WHEREFORE, Starr requests that this Court enter a judgment and order as follows: As to Count I, finding and declaring that Starr has no coverage obligations under the Starr Policy with respect to the relief sought in the Continental Lawsuit and the default judgment entered against BII in the Continental Lawsuit.

Respectfully submitted,

By: */s/Rebecca C. Dunn* _____

    Karen M. Dixon (kdixon@skarzynski.com)
    Rebecca C. Dunn (rdunn@skarzynski.com)
    **SKARZYNSKI MARICK & BLACK LLP**
    500 W. Madison Street, Suite 3600
    Chicago, IL 60661
    Tel: (312) 946-4200
    Fax: (312) 946-4272

    ***Attorneys for Plaintiff, Starr Indemnity & Liability Company***